**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Government, | 05 Cr. 664 (RCC) |
| - against - | |
| DAVID ARTHUR BUIE, | MEMORANDUM & ORDER |
| Defendant. | |

**RICHARD CONWAY CASEY, United States District Judge:**

David Arthur Buie ("Defendant") moves for reconsideration of the Court's December 12, 2005 order ("Order") rejecting Defendant's motion to dismiss the 18 U.S.C. § 924(e) charge in the indictment. Defendant contends that his motion for reconsideration is warranted on the basis of newly discovered evidence and the Court's erroneous application of Supreme Court precedent in the Order. For the following reasons, Defendant's motion for reconsideration is **DENIED**.

**I.     BACKGROUND**

Defendant is charged in a one-count indictment with unlawfully possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g) ("Indictment"). The Indictment notes that, if convicted, Defendant is subject to a sentence enhancement pursuant to 18 U.S.C. § 924(e) because Defendant has been convicted on three prior and separate occasions of a "violent felony" or "serious drug offense." Specifically, the Indictment charges: "(i) a conviction on or about January 9, 1979 in New York County Supreme Court, for robbery in the first degree, a Class B felony; (ii) a conviction on or about July 26, 1982, in Bronx County Supreme Court, for robbery in the first degree, a Class B felony; and (iii) a conviction on or about May 22, 1995, in Middlesex

County Superior Court, New Jersey for manufacturing, distributing, or dispensing a controlled dangerous substance in the second degree."

Defendant, proceeding pro se, filed his first motion to dismiss the § 924(e) charge on November 9, 2005, arguing that the New Jersey conviction cannot serve as predicate offense for a § 924(e) sentence enhancement because Defendant's plea agreement in that case subjected him to a maximum sentence of eight years, not a ten-year sentence as required by the statute. On December 12, 2005, the Court denied Defendant's motion. Defendant thereafter requested that his appointed stand-by counsel be appointed to represent him. The Court granted Defendant's request. Defendant now asks the Court to reconsider its previous decision.

## II. DISCUSSION

Defendant asserts two grounds in support of his motion for reconsideration of the Court's Order: (1) the Court's holding under § 924(e) that Defendant was subject to a maximum sentence of ten years, not eight, for his New Jersey conviction is contradicted by "new" evidence—the transcript of Defendant's April 10, 1995 guilty plea before the New Jersey state court ("Plea Transcript")—and, in any event, the Court's holding rests on an erroneous application of Supreme Court precedent; and (2) the Plea Transcript reveals that the circumstances of Defendant's plea amounted to a violation of his Sixth Amendment right to counsel. (Def.'s Recons. Mem. at 1.)

### A. Section 924(e)

Section 924(e) states, in part, that any person who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another [shall be] imprisoned not less than fifteen years." 18 U.S.C. § 924(e). The statute defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or

2

possessing with intent to manufacture or distribute a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." Id. § 924(e)(2)(A)(ii).

On April 10, 1995, Defendant pleaded guilty to a second-degree violation of New Jersey Statutes sections 2C:35-5a(1) and 2C:35-5b(2), which make it unlawful for any person to possess with the intent to distribute a controlled dangerous substance. See United States v. Buie, No. 05 Cr. 664 (RCC), 2005 WL 3435122 (S.D.N.Y. Dec. 12, 2005). In New Jersey, a defendant convicted of a narcotics crime in the second degree is sentenced by the court to a term "between five years and 10 years." N.J. Stat. Ann. § 2C:43-6a(2). Accordingly, the Court, in its previous decision on this matter, held that "the New Jersey crime to which [Defendant] pleaded guilty exposed him to a maximum term of ten years" and thus qualifies as a "serious drug offense" under § 924(e). Buie, 2005 WL 3435122, at *1.

Defendant's "new" evidence does not warrant reconsideration the Court's Order. The Plea Transcript presents no new information of any significance; rather, it confirms that Defendant was subject to a maximum sentence of at least ten years when he pleaded guilty and that, pursuant to a plea agreement, he received "an eight-year State Prison term, with an 18-month period of parole ineligibility." (Def.'s Recons. Mem. at 8 (quoting Apr.10, 1995 Tr. from New Jersey v. Buie, Ind. No. 685-05-94 (N.J. Super. Ct., Middlesex County).)

Nonetheless, Defendant argues that the Court's Order erroneously applied Taylor v. United States, 495 U.S. 575, 602 (1990). The Order centered on the application of Taylor's holding—that § 924(e) requires a court "to look only to the fact of conviction and the statutory definition of the prior offense"—to Defendant's New Jersey conviction as a predicate offense under § 924(e). See Buie, 2005 WL 3435122, at *1. Defendant now contends that Taylor does not preclude a court from

3

looking to facts beyond the statutory definition of a prior offense when considering the "serious drug offense" prong of § 924(e), and that, in this case, additional facts render the New Jersey conviction insufficient for purposes of § 924(e) because Defendant's plea agreement constructively amended New Jersey Statutes sections 2C:35-5a(1) and 2C:35-5b(2) to permit only an eight-year maximum sentence.

Defendant is wrong. In Taylor, the Supreme Court held that a sentencing court looking into whether a defendant's previous state conviction for burglary after a jury trial can be a predicate "violent felony" under § 924(e) normally may "look only to the fact of conviction and the statutory definition of the prior offense." 495 U.S. at 602. In particular, the Court held that if the relevant state statute defines burglary more broadly than does § 924(e), the subsequent sentencing court generally may not look to the record of conviction to determine whether the defendant's offense conduct actually falls within the confines of § 924(e). Id. at 600 ("Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions.").

In Shepard v. United States, 544 U.S. 13, 26 (2005), the Supreme Court reaffirmed Taylor and extended it to guilty pleas in state burglary cases, holding that any "enquiry under [§ 924(e)] . . . is limited to the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." But Shepard, like Taylor before it, indicates that where a state burglary statute clearly defines burglary in the same manner as does § 924(e), no additional inquiry is warranted. Id. at 19 (noting the "congressional preference for a categorical, as distinct from fact-specific, approach to recognizing § 924(e) predicates in cases

4

resolved by plea"). Indeed, neither case permits a sentencing court to look past the state statute under which a defendant was convicted where it is clear that the state crime and the § 924(e) predicate offense are coextensive.

Thus, while Taylor and Shepard determined the proper scope of inquiry under the "violent felony" prong of § 924(e), the Court's decisions cannot be cabined there. They apply with equal force to the "serious drug offense" prong of § 924(e), precluding review of the record of conviction where the relevant state statute, on its face, clearly aligns with the corresponding predicate offense under § 924(e). And generally speaking, any determination as to whether a state statute defining a particular drug offense imposes a maximum sentence of ten years or more will not be burdened with ambiguity. Quite the contrary. Accordingly, the Court can find no reason to probe beneath the statutory definition of the predicate crime when dealing with the "serious drug offense" prong of § 924(e). See id.

Yet even assuming arguendo that Taylor and Shepard do not preclude further review of the New Jersey conviction, Defendant's argument for its exclusion proves too much. Defendant contends that the New Jersey court's acceptance of Defendant's guilty plea constituted a constructive amendment of the statutory maximum term of imprisonment—from ten years to eight—because New Jersey law permits a defendant "to withdraw a guilty plea if the court imposes a harsher sentence than that contemplated by the agreement." (Def.'s Recons. Mem. at 9 (quoting State v. Bellamy, 835 A.2d 1231, 1236 (N.J. 2003)).) But that is precisely the point—New Jersey courts retain discretion to impose sentences up to the statutory maximum despite the existence of a plea agreement. See State v. Warren, 558 A.2d 1312, 1318 (N.J. 1989). And if a defendant then exercises his right under New Jersey law to withdraw the guilty plea, he remains subject to the

5

statutory maximum sentence. No "amendment" occurs, constructive or otherwise. Thus, because New Jersey law states that the maximum term of imprisonment for a conviction under section 2C:35-5a(1) is ten years, see N.J. Stat. Ann. § 2C:43-6a(2), Defendant's New Jersey conviction is properly included in the Indictment as a predicate "serious drug offense" under § 924(e) and may serve as a basis for a sentence enhancement if he is convicted on the § 922(g)(1) charge.

**B.   Sixth Amendment**

Defendant argues that his 1995 New Jersey conviction cannot serve as a predicate offense under § 924(e) because the Plea Transcript for that conviction reveals a Sixth Amendment violation. Specifically, Defendant argues that he was deprived of his right to counsel for his New Jersey conviction because he did not meet with his counsel until just before his appearance and plea on April 10, 1995, and then had "no time to sit calmly with counsel and reflect upon and consider his options."[1] (Def.'s Recons. Mem. at 13.)

Defendant may not collaterally attack his New Jersey narcotics conviction in the instant proceedings. See Custis v. United States, 511 U.S. 485, 490-92, 496 (1994) (holding that only the "unique constitutional defect" of "failure to appoint counsel for an indigent defendant" warrants an exception to the general rule that "prior convictions used for sentence enhancement purposes under § 924(e) are not subject to collateral attack in the sentence proceeding"). While a defendant may collaterally attack a prior conviction as a basis for a sentencing enhancement under § 924(e) if he was wholly deprived of counsel in the earlier proceedings, he may not do so on the basis of

---

[1] This claim is belied by Defendant's own description of the sequence of events leading to his guilty plea. Defendant was afforded time during two recesses to speak to his counsel; immediately following the second recess, he accepted the plea offer. (Def.'s Recons. Mem. at 4-8.)

ineffective assistance of counsel. Id. at 496-97; see also, United States v. Jones, 27 F.3d 50, 52 (2d Cir. 1994) ("[A] defendant may not collaterally attack prior state court felony convictions during a federal sentencing hearing unless the defendant was deprived of counsel in the state court proceedings."). Despite Defendant's contention (for which he provides no support) that the late appointment of his counsel is "tantamount to no counsel at all" (Def.'s Letter in Reply at 4), Defendant's Sixth Amendment challenge clearly falls within the broad range of ineffective assistance claims. Accordingly, Defendant is barred from raising the argument here.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration of the Court's December 12, 2005 order rejecting his motion to dismiss is **DENIED**.

So Ordered: New York, New York
August 17, 2006

*[signature]*

Richard Conway Casey, U.S.D.J.