UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | 05 Cr. 664 (RCC) |
| Government, | ) | |
| | ) | MEMORANDUM |
| - against - | ) | & ORDER |
| | ) | |
| DAVID ARTHUR BUIE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**RICHARD CONWAY CASEY, United States District Judge:**

The Court presumes familiarity with the factual background of this case. David Arthur Buie ("Defendant"), moves the Court to dismiss the indictment against him on the grounds that he has been deprived of his right to a speedy trial. For the following reasons, Defendant's motion is **DENIED**.

## I.   APPLICABLE LAW

The Speedy Trial Act (the "Act") provides, in pertinent part, that trial on a criminal charge "shall commence within seventy days from the filing (and making public) of the information or indictment" or from the date of the defendant's initial appearance before the court. 18 U.S.C. § 3161(c)(1). "[B]ut the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." Zedner v. United States, 126 S. Ct. 1976, 1893 (2006). Accordingly, in § 3161(h), Congress has enumerated several "periods of delay" that are excluded from the speedy-trial clock, including: (1) the time period from the filing of a motion through the conclusion of a hearing on or other prompt disposition of the motion, see 18 U.S.C. § 3161(h)(1)(F); and (2) delay (not to exceed 30 days) reasonably attributable to any period during which a proceeding concerning a defendant is actually under advisement by the Court, see id. §

3161(h)(1)(J).

In addition, the Act's most flexible period of exclusion stops the speedy-trial clock for "[a]ny period of delay resulting from a continuance granted by the judge" where the judge finds that "the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." § 3161(h)(8)(A).  Any such finding "must be made, if only in the judge's mind, before granting the continuance," and "must be put on the record by the time a district court rules on a defendant's motion to dismiss" pursuant to the Speedy Trial Act.  Zedner, 126 S. Ct. at 1989 (quoting § 3161(h)(8)(B)(iv)).[1]  "Among the [non-exclusive list of] factors that a district court must consider in deciding whether to grant an ends-of-justice continuance are a defendant's need for 'reasonable time to obtain counsel,' 'continuity of counsel,' and 'effective preparation' of counsel."[2]  Id. (quoting § 3161(h)(8)(A)).  Further, an exclusion of time in the interests of justice may be granted "by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government."  18 U.S.C. § 3161(h)(8)(A).  Thus, "[t]he [Speedy Trial] Act does not require the consent of the defendant or his counsel."  United States v. Asubonteng, 895 F.2d 424, 427 (7th Cir. 1990).

A defendant seeking to dismiss his indictment on the basis that he was not brought to trial within the time limit required by the Speedy Trial Act § 3161(c) as extended by § 3161(h) may move

---

[1] The Zedner Court also held that a defendant may not prospectively waive the application of the Speedy Trial Act pursuant to § 3161(h)(8)(A) in the absence of adequate findings on the record that any given continuance serves the ends of justice, and that the ends of justice outweigh the defendant's and the public's interest in a speedy trial.  126 S. Ct. at 1986-87.

[2] The Speedy Trial Act's only specific categorical prohibitions are delays due to "general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(8)(C).

for dismissal pursuant to § 3162(a)(2).  18 U.S.C. § 3162(a)(2).  "The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3)."  Id.; see also Zedner, 126 S. Ct. at 1984.

## II.    PROCEDURAL HISTORY & EXCLUSIONS OF TIME

### A.    Explanation of Exclusions

Pursuant to the Speedy Trial Act, the speedy-trial clock in this case began to run on June 23, 2005, when the grand jury returned the indictment against Defendant.  Since that time, the Court has granted a number of exclusions under the Act.  As detailed below, many of these excluded periods were granted pursuant to 18 U.S.C. § 3161(h)(8) because the Court found that the ends of justice served by a continuance outweighed the best interests of the public and Defendant in a speedy trial. Each time the Court granted a § 3161(h)(8) continuance and exclusion of time from the speedy-trial clock, it considered the factors, among others, which are enumerated in 18 U.S.C. § 3161(h)(8)(B).

The Court also granted some exclusions of time based on the mandatory exclusions of § 3161(h)(1)(F) and § 3161(h)(1)(J).

### B.    The Speedy-Trial Clock and Exclusion Periods

On June 24, 2005, the Court received a letter from the Government notifying it of the indictment and requesting an exclusion of time under the Speedy Trial Act until the initial pretrial conference set for June 28, 2005.  (Gov't Opp'n to Mot. to Dismiss Ex. A.)  The Court granted the Government's application on June 24, 2005 pursuant to § 3161(h)(8)(A), having found that the exclusion served the ends of justice and outweighed Defendant's and the public's interest in a speedy trial because the delay would permit the Government time to begin gathering discovery,

would permit defense counsel time to review the indictment with his client, and would permit both parties to consider the possibility of a disposition before trial.  (Gov't Opp'n to Mot. to Dismiss Ex. A.)  At this point, only one day of non-excludable time had passed (June 23, 2005 – June 24, 2005).

On June 28, 2005, the Court held an initial pretrial conference at which it arraigned Defendant.  At the conference, the Government agreed to produce discovery by July 12, 2005, and the Court scheduled the next pretrial conference for August 5, 2005.  With the consent of the defense, the Court excluded time until August 5, 2005 pursuant to § 3161(h)(8)(A), having found that the exclusion served the ends of justice and outweighed the best interests of the public and Defendant in a speedy trial because the delay would permit the Government time to produce discovery and defense counsel time to review the discovery with Defendant.

On August 2, 2005, the Court received a letter from Martin J. Siegal, Esq., Defendant's first appointed counsel, requesting that the August 5, 2005 conference be adjourned because of counsel's travel schedule.  (Gov't Opp'n to Mot. to Dismiss Ex. B.)  The Court granted this request and excluded time until August 10, 2005 pursuant to § 3161(h)(8)(A), having found that the exclusion served the ends of justice and outweighed the best interests of the public and Defendant in a speedy trial because, inter alia, failure to grant such a continuance would deny Defendant continuity of counsel and would deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account counsel's exercise of due diligence.  See § 3161(h)(8)(B)(iv).

On August 4, 2005, the Court received a letter from the Government explaining that the pretrial conference scheduled for August 5, 2005 had been rescheduled for August 11, 2005, and requesting the exclusion of time between August 4, 2005 and August 11, 2005.  (Gov't Opp'n to Mot. to Dismiss Ex. C.)  The Court granted the Government's application and excluded time until

August 11, 2005 pursuant to § 3161(h)(8)(A), having found that the exclusion served the ends of justice and outweighed the best interests of the public and Defendant in a speedy trial because the delay would permit defense counsel time to continue reviewing the discovery and to consider what motions, if any, to file.

On August 11, 2005, the Court held a second pretrial conference.  At the conference, the Court was informed that Defendant and his counsel continued to review discovery and that the parties had begun preliminary plea discussions. (8/11/05 Tr. at 2.) The Government requested, with the consent of Defendant's counsel, that another pretrial conference be held "in a few weeks" to advise the Court on the status of the case.  (Id.)  The Court granted this request and scheduled the next conference for September 30, 2005.  The Court also granted the Government's application (also with Defendant's counsel's consent) to exclude time until September 30, 2005 pursuant to § 3161(h)(8)(A).  (Id.)  The Court found that the exclusion served the ends of justice and outweighed the best interests of the public and Defendant in a speedy trial because the delay would permit the Government to hold mutually agreeable and potentially fruitful plea discussions with Defendant, discussions which could result in speedy resolution of the proceedings against Defendant.

On August 30, 2006, however, the Court held another conference because Defendant requested that the Court relieve Mr. Siegel as his counsel and permit Defendant to proceed pro se. The Court required that a second appointed counsel, David Lewis, Esq., be present to assist Defendant with his decision if necessary.  (Gov't Opp'n to Mot. to Dismiss Ex. E.)  During the conference, Defendant indicated that he wanted and needed time to consult with Mr. Lewis before deciding to proceed pro se.  (Id.)  The Court granted Defendant's request and excluded time until September 15, 2005 pursuant to § 3161(h)(8)(A), having found that the exclusion served the ends

of justice and outweighed the best interests of the public and Defendant in a speedy trial because, inter alia, the delay would permit Defendant reasonable time to decide whether to proceed pro se and, if he decided to do so, would permit him time to adequately prepare for his first appearance before the Court on his own behalf.

Two days later, on September 1, 2005, the parties reconvened and Defendant informed the Court that he wished to proceed pro se.  (9/1/05 Tr. at 4-5.)  After determining that Defendant's waiver of his Sixth Amendment right to counsel was knowing, intelligent, and voluntary, the Court appointed Neil Cartusciello, Esq., to serve as Defendant's stand-by counsel.  (Id. at 12.)  Because Mr. Cartusciello was not present at the conference, however, the Court scheduled another conference for September 15, 2005, permitting Mr. Cartusciello sufficient time to consult with Defendant and enter an appearance in this case.  (Id. at 13.) Citing an "abundance of caution," the Government then requested that the Court again exclude time until the next conference on September 15, 2005.  (Id.) Though the Court had already excluded time for the same period during the conference two days prior, the Court nonetheless agreed to do so again pursuant to § 3161(h)(8)(A), finding that the exclusion served the ends of justice and outweighed the best interests of the public and Defendant in a speedy trial because the delay would permit Defendant reasonable time to adequately prepare for his first appearance before the Court on his own behalf and would allow Defendant's advisory counsel to consult with Defendant and enter an appearance.

On September 14, 2005, the Court received a letter from the Government requesting an adjournment, until September 30, 2005, of the conference then scheduled for the following day.  The Government submitted its request with the consent of Defendant and his stand-by counsel.  (See Gov't Opp'n to Mot. to Dismiss Ex. E.)  The Court granted the requested adjournment.  The Court

also granted the Government's application to exclude time until September 30, 2005 pursuant to § 3161(h)(8)(A).  (Id.)  The Court found that the exclusion served the ends of justice and outweighed the best interests of the public and Defendant in a speedy trial because the delay would permit Defendant's new stand-by counsel sufficient time to review the discovery already produced, permit him to consult with Defendant about what, if any, motions to file, and permit the parties time to negotiate a possible disposition before trial.

The Court held its fifth pretrial conference on September 30, 2005.  At the conference, Defendant made several requests to the Court and asked that each be resolved before trial was to begin on January 23, 2006.  (See 9/30/06 Tr.)  Defendant's requests included: (1) information related to his prior predicate felonies, including certificates of conviction and plea agreements (id. at 8-9); (2) time to make a written bail application (id. at 12-16); (3) the full name and address of a witness to Defendant's crime (id. at 16); and (4) an order from the Court directing the Metropolitan Corrections Center to allow Defendant additional time in the law library (id. at 6-7).  The Court scheduled another conference for November 4, 2005 to track the status of those requests.  The Government then moved for the exclusion of time between September 30, 2005 and November 4, 2005, a request to which Defendant personally consented after consultation with his stand-by counsel.  (Id. at 18-19.)   The Court granted the Government's application pursuant to § 3161(h)(A)(8), having found that the exclusion served the ends of justice and outweighed the best interests of the public and Defendant in a speedy trial because the delay would permit Defendant's new stand-by counsel time to review discovery, would permit the parties additional time to confer about a possible resolution of the case, and would permit stand-by counsel sufficient time to confer with Defendant about the myriad issues Defendant raised at the conference.

7

On November 9, 2005, the Court held its next conference.  The conference was originally scheduled for November 4, 2005, however, and time was not excluded in the interim.  Accordingly, four days of non-excludable time passed between November 5, 2005 and November 8, 2005.

At the November 9, 2005 conference, the Government reported that it was in the process of addressing many of Defendant's requests.  Defendant and his stand-by counsel also reported that they had yet to obtain transcripts associated with Defendant's prior guilty pleas in state prosecutions, which Defendant claimed were essential to a legal motion he planned to file.  Defendant's stand-by counsel also indicated that an additional "couple of weeks" were necessary to determine whether the plea transcripts existed and whether they were available. (Tr. at 9-10.)  But the Court noted that it was "not sure [whether] they can be done in time for [the January 23, 2006] trial," and Defendant confirmed that he would object to moving ahead with trial if those requests remained unfulfilled. (Id. at 10.)  Accordingly, the Court adjourned the trial date until March 2006, set a motion schedule, and set a subsequent conference date for December 16, 2005.  Upon the Government's request, and with Defendant's consent, the Court granted an exclusion of time until December 16, 2005 pursuant to § 3161(h)(8)(A), having found that the exclusion served the ends of justice and outweighed the best interests of the public and Defendant in a speedy trial because the delay would permit the Government to address Defendant's requests and would permit Defendant to acquire the information necessary to support his motions.

Defendant filed a motion to dismiss the § 924(e) portion of the indictment on November 9, 2006 (the "924(e) Motion").  On December 12, 2005, the Court denied Defendant's 924(e) Motion.  Pursuant to the Speedy Trial Act, the time that passed between Defendant's filing of the motion and the Court's decision on that motion is automatically excluded from the speedy-trial clock, see §

8

3161(h)(1) ("periods of delay [that] shall be excluded") (emphasis added), because it was a period of delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," § 3161(h)(1)(F), and because it was a period of delay "reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," § 3161(h)(1)(J).

On December 16, 2005, the parties appeared for their scheduled status conference. At the conference, the Government informed the Court that it had fulfilled some of Defendant's earlier requests, and that it was in the process of assisting Defendant in securing the plea transcripts of some of Defendant's prior felonies. (Tr. at 3-4.) When the Court asked Mr. Cartusciello why the plea transcripts remained necessary in light of the Court's decision denying Defendant's 924(e) Motion, Mr. Cartusciello responded that one of the plea transcripts might merit an additional legal motion, and he could not satisfy himself of that possibility until he reviewed the transcripts. (Id. at 5.) Accordingly, the Court scheduled another conference on January 26, 2006. The Government moved for the exclusion of time between December 16, 2005 and January 26, 2006, and the Court granted the application pursuant to § 3161(h)(8)(A), having found that the exclusion served the ends of justice and outweighed the best interests of the public and Defendant in a speedy trial because the delay would permit Defendant and his stand-by counsel sufficient time to receive and review the plea transcripts and to determine whether to file additional motions.

At the December 16, 2005 conference, Defendant also informed the Court that he filed a second legal motion on that date (the "Deck Motion"). Defendant moved to dismiss the indictment on the grounds that he had been handcuffed during his testimony before the grand jury, and that his restraint ran afoul of the Supreme Court's recent ruling in Deck v. Missouri, 544 U.S. 622 (2005).

Thus, pursuant to § 3161(h)(1)(F), the speedy-trial clock stopped on November 9, 2006 due to the pending motion.[3]

The Government filed its response to Defendant's <u>Deck</u> Motion on January 9, 2006.  At the next status conference on January 26, 2006, however, Defendant indicated to the Court that he was not prepared to file his reply to the Government's response because he wanted access to additional materials that the Government had not produced during discovery.  (Tr. at 2-9.)  In addition, Mr. Cartusciello explained to the Court that Defendant had received the requested plea transcripts and that he believed Defendant might have a meritorious legal motion based on them.  (<u>Id.</u> at 10-12.)  Mr. Cartusciello therefore requested that the Court adjourn the case for one week.  The Court granted this request and excluded time until February 8, 2006 pursuant to § 3161(h)(8)(A), having found that the exclusion served the ends of justice and outweighed the best interests of the public and Defendant in a speedy trial because the delay would permit Defendant and his stand-by counsel sufficient time to discuss the possibility of a third legal motion to dismiss the indictment.

At the subsequent conference on February 8, 2006, Defendant informed the Court that he no longer wished to proceed <u>pro se</u>, and requested that the Court appoint Mr. Cartusciello to represent him.  (2/8/06 Tr. at 2-3.)  The Court granted Defendant's application, and Defendant's appointed counsel then requested that the Court adjourn the March trial date so that he could file a third motion to dismiss (the "Motion for Reconsideration").  The Court set a new motion schedule and adjourned the trial until June 19, 2006.  (<u>Id.</u> at 6.)  Upon the Government's request, and with consent of Defendant's counsel, the Court excluded time between February 8, 2006 and June 19, 2006 pursuant

---

[3] The speedy-trial clock stopped until February 8, 2006, when Defendant's counsel requested that the Court hold Defendant's previously filed <u>Deck</u> Motion in abeyance until after the Court considered a new motion.

to § 3161(h)(8)(A), having found that the exclusion served the ends of justice and outweighed the best interests of the public and Defendant in a speedy trial because, <u>inter alia</u>, the delay would permit Defendant's new appointed counsel sufficient time to draft and submit the Motion for Reconsideration and to prepare for trial, and would allow for potential plea discussions between the parties.

On March 7, 2006, the Court received a letter from Mr. Cartusciello requesting additional time to submit the Motion for Reconsideration as well as an adjournment of the scheduled trial date of June 19, 2006 until September 11, 2006.  (Gov't Opp'n to Mot. to Dismiss Ex. N.)  With respect to the latter request, Mr. Cartusciello explained that the Government "has advised me that while the Government does not object to the proposed trial date, it is ready and willing to try this case much earlier, and would want to be sure that there is a solid basis for excluding time under the Speedy Trial Act."  (<u>Id.</u>)  Accordingly, Mr. Cartusciello explained that an adjournment until September 11, 2006 was necessary because:

> (1) it will give me, as newly appointed counsel, needed time to pursue on behalf of Mr. Buie a motion that we believe is meritorious and will raise novel legal issues; (2) it will give the Court adequate time to hear and decide that motion; (3) it will allow me sufficient time after the decision on the motion to discuss with the Government a resolution of this matter that may obviate the need for a trial entirely; and (4) if a trial turns out to be necessary, it will give me as newly appointed counsel adequate time to prepare properly.

(<u>Id.</u>)  On March 9, 2006, the Court granted the application pursuant to § 3161(h)(8)(A), having found that the exclusion served the ends of justice and outweighed the best interests of the public and Defendant in a speedy trial for the reasons set forth in Mr. Cartusciello's letter.  Thus, time was excluded until September 11, 2006.

On April 12, 2006, after receiving an additional two-week extension, Defendant filed the

11

Motion for Reconsideration, which again moved to dismiss the § 924(e) portion of the indictment. The motion was fully briefed on May 30, 2006. The Court issued its order denying the Motion for Reconsideration on August 18, 2006. Accordingly, the time that passed during the pendancy of Defendant's Motion for Reconsideration—from April 12, 2006 until August 18, 2006—was automatically excluded from the speedy-trial clock. <u>See</u> 18 U.S.C. § 3161(h)(1)(F).[4]

Finally, on September 5, 2006, after Defendant again asked the Court to relieve his appointed counsel and permit Defendant to proceed <u>pro se</u>, Defendant renewed the <u>Deck</u> Motion and the instant Speedy Trial Act motion.[5] Accordingly, pursuant to § 3161(h)(1)(F) and § 3161(h)(1)(J), the Speedy Trial Act clock is automatically tolled until resolution of those motions.

All told, only five days of non-excludable time have passed on the Speedy Trial Act's 70-day clock—June 23, 2005, and November 5-8, 2005. The other days that have passed since Defendant's indictment on June 23, 2005 have been properly excluded from the Act pursuant to § 3161(h)(8)(A), § 3161(h)(1)(F), or § 3161(h)(1)(J). Defendant's motion to dismiss the indictment because he has been deprived of his right to a speedy trial must therefore be denied.

---

[4] Even assuming <u>arguendo</u> that the Court's decision does not qualify as "the prompt disposition of . . . such motion" as required under § 3161(h)(1)(F), the initial thirty day period that the Motion for Reconsideration was under advisement by the Court—from May 31, 2006 until June 29, 2006—was automatically excluded from the Speedy Trial Act's 70-day clock pursuant to § 3161(h)(1)(J).

[5] The Court previously dismissed without prejudice Defendant's <u>pro se</u> Speedy Trial Act motion on the grounds that Defendant was required to submit all motions through his appointed counsel at the time. <u>See</u> August 21, 2006 Order.

## III.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the indictment because he has been

deprived of his right to a speedy trial is **DENIED**.

**So Ordered:**   New York, New York
                  September 7, 2006

Richard Conway Casey

**Richard Conway Casey, U.S.D.J.**

13