UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID BUIE,

Petitioner,

-v-

UNITED STATES OF AMERICA,

Respondent.

05-CR-664 (RCC)
15-CV-3945 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, United States District Judge:

Pursuant to 28 U.S.C. § 2255, Petitioner David Arthur Buie seeks relief from a sentence imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Buie is currently serving a fifteen-year sentence under ACCA's sentencing enhancement provision, which imposes a fifteen-year mandatory minimum sentence on defendants who have committed three prior predicate offenses. The applicability of ACCA's fifteen-year minimum turns on whether two of Buie's three prior convictions—both for robbery in the first degree under New York law—constitute "violent felonies" under ACCA. Because this Court concludes that at least one of Buie's prior convictions does not, the petition is granted.

I.      Background

ACCA mandates imposition of a fifteen-year minimum sentence on any defendant who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," *id.* § 924(e)(2)(B)(i) (the "force clause"); (2) "is burglary, arson, or extortion, [or] involves use of explosives," *id.* § 924(e)(2)(B)(ii); or (3) "otherwise involves

1

conduct that presents a serious potential risk of physical injury to another," *id.* (the "residual clause").

In September 2006, Buie pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On December 12, 2006, he was sentenced by Judge Richard C. Casey to a term of imprisonment of 180 months (fifteen years). (Dkt. No. 79 at 2; Dkt. No. 50.) In the typical case, the statutory maximum for violation of § 922(g) is 120 months (ten years), *see* 18 U.S.C. § 924(a)(2), but Buie's sentence was enhanced under ACCA. Buie's ACCA enhancement was based on three predicate prior offenses: (1) a May 22, 1995, New Jersey conviction for manufacturing, distributing, or dispensing heroin in the second degree ("1995 Drug Conviction"); (2) a July 26, 1982, conviction for first-degree robbery under New York Penal Law § 160.15 ("1982 Robbery Conviction"); and (3) a January 9, 1979, conviction for first-degree robbery, also under § 160.15 ("1979 Robbery Conviction").

Buie filed three habeas petitions before filing the one currently before the Court. He filed his first § 2255 habeas petition on March 5, 2007, arguing that his 1995 Drug Conviction should not have been considered a serious drug offense under ACCA. Judge Alvin K. Hellerstein denied the petition on July 24, 2009, *Buie v. United States*, No. 07 Civ. 1865 (S.D.N.Y. July 24, 2009), *aff'd*, No. 09-4293 (2d Cir. Mar. 10, 2010), and subsequently denied Buie's motion for reconsideration, *Buie v. United States*, No. 07 Civ. 1865 (S.D.N.Y. Sept. 18, 2013). Buie filed a second § 2255 petition on August 25, 2015, in the United States District Court for the Western District of Missouri. *Buie v. Sanders*, 15 Civ. 03391 (W.D. Mo. Aug. 25, 2015). The court dismissed Buie's petition for lack of jurisdiction, and the United States Court of Appeals for the Eighth Circuit affirmed. *Buie v. Sanders*, 16 Civ. 1185 (8th Cir. May 31, 2016). On April 28, 2015, Buie filed a third petition in which he argued that his conviction was invalid because it was

obtained in violation of his right to effective assistance of counsel. The Second Circuit denied

that petition on November 17, 2015. *Buie v. United States*, 15 Civ. 2114 (2d Cir. Nov. 17,

2016).

On June 21, 2016, Buie sought leave to file his current petition. The Second Circuit

granted that motion and transferred the proceeding to this Court. (Dkt. No. 76.)

Whether Buie is subject to a fifteen-year statutory minimum sentence or a ten-year

statutory maximum sentence hinges on an interpretation of § 924(e) of ACCA. Buie argues that

based on the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015)

("*2015 Johnson*"), and *Johnson v. United States*, 130 S. Ct. 1265 (2010) ("*2010 Johnson*"), his

convictions for robbery in the first degree no longer qualify as predicate violent felonies.

Buie, who is now 63 years old, has been in custody since May 2005. (Dkt. No. 80 at 1.)

He has already served over twelve years of his sentence. (*Id.*) The stakes are high: If Buie is

right, then his sentence should not have been enhanced under § 924(e), and he has already served

time in excess of § 922(g)'s statutory ten-year maximum.

## II.  Discussion

### A.  Availability of Judicial Review

The Government raises three procedural challenges to Buie's motion.

First, the Government argues that Buie's motion is barred by 28 U.S.C. § 2244(a), which

mandates dismissal "if it appears that the legality of such detention has been determined . . . on a

prior application for a writ of habeas corpus." However, Buie's current claim is not

encompassed by his prior habeas petitions. Although his third petition filed with the Second

Circuit referenced *2015 Johnson*, it did not include information about his prior convictions

except for a reference to his 1995 Drug Conviction in New Jersey. On November 17, 2015, the

Second Circuit denied Buie's request to file a successive petition, stating "*[2015] Johnson* does

3

not apply because Petitioner was not sentenced under ACCA's 'residual clause.'" However, particularly in light of the fact that Buie's petition referenced only his prior *drug* conviction, there is no indication that the Second Circuit panel considered whether Buie's other convictions were properly considered predicates under ACCA.

Moreover, on July 19, 2016, the Second Circuit granted Buie leave to file the instant motion, finding that he "has made a prima facie showing that he has satisfied the successive motion requirements." (Dkt. No. 76 at 1.) In transferring the proceeding to this Court, the Second Circuit directed this Court to address "whether the Supreme Court's decision in *[2015] Johnson* entitles Petitioner to relief." (*Id.*) The Second Circuit's July 2016 ruling indicates that its 2015 ruling on Buie's prior motion did *not* constitute a "determin[ation]" on "the legality of [Buie's] detention" with respect to this issue. 28 U.S.C. § 2244(a). The former ruling overrides the latter and constitutes law of the case.

Second, the Government contends that Buie's motion is barred by 28 U.S.C. § 2255(h)(2), which requires that a successive habeas petition address "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Of course, the Supreme Court's decision in *2015 Johnson*—which invalidated ACCA's "residual clause" as unconstitutionally vague—announced a new rule of constitutional law, as the Supreme Court held in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). The Government argues, however, that Buie is actually relying not on *2015 Johnson*, but rather on *2010 Johnson*—a case involving statutory interpretation rather than constitutional law. The Government's premise is that "Buie was not sentenced under ACCA's residual clause, and thus *2015 Johnson* has no applicability to his case." (Dkt. No. 79 at 9.)

The Court disagrees. It was only the confluence of *2010 Johnson* and *2015 Johnson* that allowed Buie to make the argument he makes here. Indeed, as Buie's counsel points out, a § 2255 motion filed immediately after *2010 Johnson* would have been pointless, if not frivolous. (Dkt. No. 80 at 24.) That is because before *2015 Johnson*, courts had held—and lawyers had reasonably believed—that substantive crimes such as robbery and larceny were swept into ACCA's predicate offenses by the extremely broad (and vague) residual clause. *See, e.g., United States v. Carmichael*, 408 F. App'x 769, 770–71 (4th Cir. 2011) (North Carolina robbery under ACCA's residual clause); *United States v. Davis*, 487 F.3d 282, 285–87 (5th Cir. 2007) (Texas robbery under ACCA's residual clause); *United States v. Mitchell*, 743 F.3d 1054, 1060–63 (6th Cir. 2014) (Tennessee robbery under ACCA's residual clause); *United States v. Prince*, 772 F.3d 1173, 1176–78 (9th Cir. 2014) (California robbery under ACCA's residual clause); *see also United States v. Thrower*, 584 F.3d 70, 72 (2d Cir. 2009) (New York larceny under ACCA's residual clause).

The Government's assertion that Buie "was not sentenced under ACCA's residual clause" is neither obviously true nor necessarily dispositive. At Buie's sentencing in 2006, neither the parties nor Judge Casey expressed a view as to which clause rendered Buie's two prior robbery convictions "violent felonies" under ACCA; they appear to have simply assumed that those convictions qualified as violent felonies, whether under the force clause or the residual clause. (*See* Dkt. No. 80-1.) Until its invalidation in 2015, the residual clause always served as an alternative basis for treating robbery and other offenses as violent felonies, in particular cases if not categorically.

This Court agrees with those courts that have rejected similar procedural arguments and have concluded that the type of hybrid *2010/2015 Johnson* habeas claim made by Buie relies, at

least in part, on the new constitutional rule announced in *2015 Johnson*. *See United States v. Winston*, 850 F.3d 677, 681–82 & n.4 (4th Cir. 2017); *In re Chance*, 831 F.3d 1335, 1338–40 (11th Cir. 2016); *Massey v. United States*, 2017 WL 2242971, \*3 (S.D.N.Y. 2017); *Diaz v. United States*, 2016 WL 4524785, \*5 (W.D.N.Y. 2016); *United States v. Ladwig*, 192 F. Supp. 3d 1153, 1158–61 (E.D. Wash. 2016).

The Government's final procedural argument is that Buie's motion is untimely. This argument fails for the same reasons as the previous argument. Under 28 U.S.C. § 2255(f)(3), the motion must be made within one year of the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactive to cases on collateral review." As explained above, Buie's claim for relief is based at least in part on *2015 Johnson*, which was decided on June 26, 2015. Buie filed his *pro se* motion to bring a successive habeas petition on June 21, 2016, within one year of that decision. (Dkt. No. 80-3.) Accordingly, his § 2255 motion is timely.

### B.     Buie's Prior Convictions for First-Degree Robbery

Because ACCA's residual clause was held unconstitutional by *2015 Johnson*, and because robbery is not one of the offenses enumerated in § 924(e)(2)(B)(ii), Buie's 1982 and 1979 Robbery Convictions are predicate offenses under ACCA only if they fall under the force clause. If either of those convictions is not a violent felony under § 924(e)(2)(B)(i), then Buie does not have the requisite three predicate convictions to justify an ACCA sentence enhancement.

### 1.     The Categorical and Modified Categorical Approaches

To qualify as a predicate offense under ACCA's force clause, the crime in question must include violent force as a necessary element. In *2010 Johnson*, the Supreme Court held that "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or

injury to another person." *2010 Johnson*, 559 U.S. at 140.  In so holding, the Court refused to treat the Florida felony offense of battery, which requires as an element only "actually and intentionally touching," as a crime of violence under ACCA because the common-law definition of battery could be satisfied with less than violent force.  *Id.* at 138.

In determining whether a crime constitutes a violent felony under ACCA, courts apply either the "categorical approach" or the "modified categorical approach."  *See United States v. Beardsley*, 691 F.3d 252, 259 (2d Cir. 2012).  "Both approaches require the sentencing court to consider the minimum elements that must be proven beyond a reasonable doubt to secure a conviction for that offense."  *United States v. Genao*, No. 16-924, 2017 WL 3687881, at *4 (2d Cir. Aug. 28, 2017).

Under the categorical approach, a court must "identify 'the minimum criminal conduct necessary for conviction under a particular statute'" and then determine "whether such conduct amounts to" a violent felony under ACCA.  *United States v. Hill*, 832 F.3d 135, 139 (2d Cir. 2016) (quoting *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006)).  Importantly, a court must examine the statute in a vacuum.  "Sentencing courts may 'look only to the statutory definitions'—*i.e.,* the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'"  *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)).  As the Second Circuit recently explained:

> One of the justifications for the categorical approach's "elements-only inquiry" is a concern for fairness to defendants.  Even when a defendant goes to trial, reliance on the "non-elemental fact[s]" of a prior conviction "are prone to error" because "a defendant may have no incentive to contest [at trial] what does not matter under the law" and may "even be precluded from doing so."  In such a circumstance, "inaccuracies should not come back to haunt the defendant many years down the road by triggering a lengthy

> mandatory sentence." Similarly, when a defendant pleads guilty,
> he need only admit to the specific elements of the charged offense,
> and has no reason either to admit or contest prior governmental
> accounts of his alleged conduct.

*Genao*, 2017 WL 3687881, at *4 (citations omitted) (alterations in original) (quoting *Mathis v. United States*, 136 S. Ct. 2253, 2245 (2016)). Thus, if the minimum conduct necessary for conviction is not sufficiently violent, the crime cannot be deemed a violent felony, regardless of the facts underlying any particular defendant's conviction.

The modified categorical approach conducts the same "elements-only" analysis, but it performs the operation at a higher level of statutory specificity. The modified approach applies when a defendant was previously convicted under a "divisible" statute. "[A] statute is 'divisible,' and thus subject to the modified categorical approach, when it 'lists multiple, alternative elements, and so effectively creates several different . . . crimes.'" *Flores v. Holder*, 779 F.3d 159, 165 (2d Cir. 2015) (alterations in original) (quoting *Descamps*, 133 S. Ct. at 2285). If the statute is divisible, "a sentencing court must discern which of the alternative elements was integral to the defendant's conviction." *Mathis*, 136 S. Ct. at 2245. "The court can then compare that crime, as the categorical approach commands, with the relevant" ACCA offense. *Id.* at 2249; *see also Genao*, 2017 WL 3687881, at *5 (summarizing the "two-step process" for applying the modified approach). In sum, "the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute. The modified approach thus acts not as an exception, but instead as a tool." *Descamps*, 133 S. Ct. at 2285.

Crucially, the modified categorical approach is *not* an exception to the Supreme Court's "mantra in . . . ACCA decisions" that courts may look only to statutory elements of the offense, and not to the facts of an individual defendant's conviction. *Mathis*, 136 S. Ct. at 2251. "[S]uch

facts [are] irrelevant: Find them or not, by examining the record or anything else, a court still may not use them to enhance a sentence." *Id.* at 2253. Instead, under the modified approach, courts may consult only "a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction." *Descamps*, 133 S. Ct. at 2284. These so-called *Shepard* documents are "the indictment, jury instructions, or plea agreement and colloquy," *Mathis*, 136 S. Ct. at 2249, and only plea colloquies "in which the factual basis for the plea was confirmed by the defendant," *Shepard v. United States*, 544 U.S. 13, 26 (2005).

### 2. Applying the Elements-Only Inquiry to New York First-Degree Robbery

The question before this Court is whether first-degree robbery in New York constitutes a violent felony under ACCA. The New York first-degree robbery statute states (and stated at the time of Buie's prior convictions):

> A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
>
> 1. Causes serious physical injury to any person who is not a participant in the crime; or
>
> 2. Is armed with a deadly weapon; or
>
> 3. Uses or threatens the immediate use of a dangerous instrument; or
>
> 4. Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . .

N.Y. Penal Law § 160.15.

Because "it 'lists multiple, alternative elements, and so effectively creates several different . . . crimes,'" *Flores v. Holder*, 779 F.3d 159, 165 (2d Cir. 2015) (alterations in

original) (quoting *Descamps*, 133 S. Ct. at 2285), New York Penal Law § 160.15 is a divisible

statute.  In effect, New York has defined four crimes titled first-degree robbery:

> (1) "forcibly steal[ing] property" and "[causing] serious physical
> injury to any person who is not a participant in the crime";
>
> (2) "forcibly steal[ing] property" and "[being] armed with a deadly
> weapon";
>
> (3) "forcibly steal[ing] property" and "[using] or threaten[ing] the
> immediate use of a dangerous instrument"; and
>
> (4) "forcibly steal[ing] property" and "[displaying] what appears to
> be a pistol, revolver, rifle, shotgun, machine gun or other firearm."

N.Y. Penal Law § 160.15; *accord United States v. Batista*, No. 09 Cr. 37, 2017 WL 2841681, at

*5 (W.D. Va. June 30, 2017) (concluding "that subsections (1)–(4) of N.Y. Penal Code § 160.15

list alternative elements").

Applying the modified categorical approach, the Court next asks which of the four types

of first-degree robbery Buie was convicted of committing in his 1979 and 1982 Robbery

Convictions.  Here, however, the Court encounters a problem:  None of the *Shepard* documents

supporting the 1979 Robbery Conviction are available.[1]  (*See* Dkt. No. 79 at 3–4.)  The

Government's brief states that "all the records from the 1979 Robbery Conviction were

destroyed in a fire," including the indictment.  (*Id.* at 3.)  Most of the documents supplied by the

Government instead—namely, a certificate of disposition (*id.* Ex. B), an arrest report (*id.* Ex. D),

and two sentencing transcripts (*id.* Exs. E, F)—are not *Shepard*-approved documents and

therefore cannot help the Court "to determine what crime, with what elements, [the] defendant

---

[1]     Buie also questions the validity of the *Shepard* documents proffered by the
Government regarding his 1982 Robbery Conviction.  (*See* Dkt. No. 80 at 16.)  Because the
Court concludes that Buie's 1979 Robbery Conviction does not qualify as a predicate violent
felony, the Court does not reach Buie's arguments regarding his 1982 Robbery Conviction.

was convicted of." *Mathis*, 136 S. Ct. at 2249.  And although the Government has proffered a

plea transcript (*id.* Ex. C), the colloquy does not demonstrate a "factual basis for the plea [which]

was confirmed by the defendant," as required by *Shepard*.  *Shepard*, 544 U.S. at 26.

As a result, the Court is left without the tools necessary to conduct an analysis under the

modified categorical approach.  Although the Government has offered documents that "shed . . .

light on the underlying facts from the 1979 Robbery Conviction" (Dkt. No. 79 at 3), the Supreme

Court has squarely and repeatedly foreclosed consideration of such documents.  "The

requirement, from the Court's earliest decisions, was that a judge could impose a 15–year

sentence based only on a legal 'certainty,' not on his inference (however reasonable in a given

case) about what a prior factfinder had thought." *Mathis*, 136 S. Ct. at 2255 n.6.[2]  "Since

nothing in the record of [Buie's 1979 Robbery Conviction] permit[s] the . . . Court to conclude

that it rested upon anything more than the least of [the] acts" criminalized, the Court must

determine whether "the least of [the] acts" described in the first-degree robbery statute can serve

---

[2]      Counsel for the Government candidly acknowledged during a telephone
conference on August 30, 2017, that there are no *Shepard*-approved documents with respect to
the 1979 Robbery Conviction.  Buie and the Government disagree, however, over which party
has the "burden" to produce *Shepard* documents. (*See* Dkt No. 79 at 12–13; Dkt. No. 80 at 12.)
At least with respect to the 1979 Robbery Conviction, this dispute is a red herring.  The Supreme
Court has unambiguously limited the types of documents that a court may rely upon when
conducting a modified categorical analysis.  Regardless of which party has the "burden" to
produce such documents, it is undisputed that they do not in fact exist.  Without the aid of
*Shepard*-approved documents, the court must conduct the elements-only inquiry with respect to
§ 160.15 as a whole.  *See Genao*, 2017 WL 3687881, at *5–6 (finding a sentence procedurally
unreasonable where "[n]one of the *Shepard* documents pertaining to [the defendant's] conviction
. . . were before the sentencing court); *accord United States v. Colson*, 683 F.3d 507, 510 (4th
Cir. 2012) ("[A]ll of the court records of [the defendant's] prior conviction had been destroyed
due to the age of the conviction, and thus the government presented no documents acceptable
under *Shepard* that would allow consideration of the specific conduct that led to the . . .
conviction.  We therefore look in this case 'only to the statutory definition of the state crime and
the fact of conviction to determine whether the conduct criminalized by the statute, including the
most innocent conduct, qualifies' as an offense . . . ." (quoting *United States v. Diaz–Ibarra*, 522
F.3d 343, 348 (4th Cir. 2008)) (citations omitted)).

as a predicate offense. *2010 Johnson*, 559 U.S. at 137; *see also Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) ("Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized, and then determine whether even those acts are encompassed by the generic federal offense." (alterations in original) (quoting *2010 Johnson*, 559 U.S. at 137)).

Thus, unable to determine which subsection of § 160.15 provided the basis for Buie's 1979 Robbery Conviction, the Court is forced to move up one level of granularity. Instead of asking whether the minimum conduct necessary for a conviction under *one* of §§ 160.15(1), (2), (3), or (4) amounts to a violent felony, the Court asks if the minimum conduct necessary for a conviction under *any* of §§ 160.15(1), (2), (3), or (4) amounts to a violent felony. If "the minimum conduct necessary for a conviction," *Hill*, 832 F.3d at 139, under any of the subsections does not require violent force, then the 1979 Robbery Conviction under § 160.15 is not a valid predicate offense under ACCA.

The Court begins with § 160.15(2)—the crime of "forcibly steal[ing] property" while "[being] armed with a deadly weapon"—and concludes that a defendant who commits that crime does not necessarily commit a violent felony within the meaning of ACCA.

As to the first element, "forcibly stealing property" under New York law does not always require violence. It does not appear that the New York Court of Appeals has ruled on whether the force supporting a robbery conviction can be less than violent, but a variety of Appellate Division decisions have held as much. For example:

- *People v. Bennett* held that the "physical force" element of robbery was sufficiently shown by "evidence that [the defendant] and three others formed a human wall that blocked the victim's path as the victim attempted to pursue

someone who had picked his pocket, allowing the robber to get away." 631 N.Y.S.2d 834, 834 (N.Y. App. Div. 1st Dep't 1995).

- *People v. Lee* held that force was present where the defendant "bumped his unidentified victim, took money, and fled while another forcibly blocked the victim's pursuit." 602 N.Y.S.2d 138, 139 (N.Y. App. Div. 1st Dep't 1993).

- *People v. Safon* held that "[p]roof that the store clerk grabbed the hand in which defendant was holding the money and the two tugged at each other until defendant's hand slipped out of the glove holding the money was sufficient to prove that defendant used physical force." 560 N.Y.S.2d 552, 552 (N.Y. App. Div. 4th Dep't 1990).[3]

"'Although [this Court is] not strictly bound by state intermediate appellate courts,' [courts] will look to their decisions unless 'convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48 (2d Cir. 2013) (quoting *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005)). As such, this Court concludes that under New York law, the "force" in "forcibly steals" need not be—and, as an empirical matter, is not always—"capable of causing physical pain or injury to another person." *Johnson 2010*, 559 U.S. at 140.

As to the second element, "[being] armed with a deadly weapon" does not automatically convert "forcible stealing" into "violent force." Initially, it is clear that a defendant can be convicted of first-degree robbery in New York under § 160.15(2) without ever brandishing, using, or threatening to use the deadly weapon in his possession. *See People v. Pena*, 406 N.E.2d 1347, 1350 n.2 (N.Y. 1980). The question, then, is whether the mere possession of a

---

[3]     Although *Bennett*, *Lee*, and *Safon* involved second- and third-degree robbery convictions, the distinction is immaterial because all degrees of robbery under New York law require the element of "forcible stealing." *See* N.Y. Penal Law § 160.00 ("Robbery is forcible stealing. A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person . . . ."); *see also* N.Y. Penal Law § 160.05 ("A person is guilty of robbery in the third degree when he forcibly steals property."); N.Y. Penal Law § 160.10 ("A person is guilty of robbery in the second degree when he forcibly steals property and when" one of a list of other aggravating factors is present.).

deadly weapon, when added to less-than-violent force, constitutes "force capable of causing physical pain or injury to another." *2010 Johnson*, 559 U.S. at 140.

The combination of *2010 Johnson* and *2015 Johnson* compels the conclusion that it does not. First, *2010 Johnson* teaches that "physical force" is defined not by the potential *risk* of injury but rather by the *degree* of force employed or threatened by the defendant. *See 2010 Johnson*, 559 U.S. at 140–41 ("[T]he word 'violent' in § 924(e)(2)(B) connotes a substantial degree of force. When the adjective 'violent' is attached to the noun 'felony,' its connotation of strong physical force is even clearer." (citations omitted)). Second, *2015 Johnson* precludes, as a constitutional matter, a court from imposing a sentence enhancement based on indeterminate calculations about "whether the crime '*involves conduct*' that presents too much risk of physical injury" or whether the defendant "might engage in violence *after*" committing the enumerated crime. *2015 Johnson*, 135 S. Ct. at 2557. Together, *2010 Johnson* and *2015 Johnson* indicate that the mere presence of a deadly weapon—one that is not used, displayed, or threatened—does not transform less-than-violence force into violent force.[4]

In coming to the conclusion that New York first-degree robbery is not categorically a violent felony, this Court recognizes that it is not writing on a blank slate. In *United States v. Jones*, 830 F.3d 142 (2d Cir. 2016), the Second Circuit decided a very similar question—whether New York first-degree robbery categorically constitutes a "crime of violence" under the

---

[4] To be sure, "the Supreme Court has made clear in employing the categorical approach that to show a predicate conviction is not a crime of violence 'requires more than the application of legal imagination to [the] . . . statute's language,'" and "there must be 'a realistic probability, not a theoretical possibility,' that the statute at issue could be applied to conduct that does not constitute a crime of violence." *Hill*, 832 F.3d at 139–40 (alterations in original) (quoting *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193 (2007)). That requirement is satisfied in this case, where Buie has indeed "show[n] that a particular reading of the statute is realistic," *id.* at 140, by "point[ing] to . . . cases in which the state courts in fact did apply the statute in the . . . manner for which he argues," *Gonzales*, 549 U.S. at 193.

14

Sentencing Guidelines, U.S.S.G. §§ 4B1.1(a), 4B1.2(a)—in the negative.  However, *Jones* was

vacated in October 2016 "pending the Supreme Court's disposition in *Beckles v. United States*,

No. 15–8544," *United States v. Jones*, 838 F.3d 296 (2d Cir. 2016), and carries no precedential

weight.  *See Stuckey v. United States*, 16 Civ. 1787, 2016 WL 7017419, at *4 (S.D.N.Y. Dec. 1,

2016).

Since the vacatur of *Jones*, at least one judge in this district has concluded that the

Second Circuit's "pre-*Jones* precedent, now controlling once again, consistently holds that the

various degrees of New York robbery are predicate felonies under the ACCA."  *Massey v.*

*United States*, No. 03 Cr. 0938, 2017 WL 2242971, at *3 (S.D.N.Y. May 22, 2017).  This Court

respectfully disagrees with that conclusion.  The Second Circuit precedent deeming New York

robbery a violent felony under ACCA pre-dated *2010 Johnson*, and therefore does not reflect the

Supreme Court's narrowing interpretation of the phrase "physical force."  *See United States v.*

*Brown*, 52 F.3d 415, 426 (2d Cir. 1995).  The one Second Circuit decision cited by the *Massey*

court that post-dated *2010 Johnson*—*United States v. Miles*, 748 F.3d 485, 491 (2d Cir. 2014)

(per curiam)—did not address *2010 Johnson* at all.  That is not surprising, as this argument was

apparently not raised.  *See Miles*, 748 F.3d at 490 ("[The defendant] acknowledges that robbery

in the third degree 'has as an element the use, attempted use, or threatened use of physical force,'

and so has this Court.") (quoting *Brown*, 52 F.3d at 425–26).

As a result, this Court joins a variety of other judges in concluding that New York

robbery is not a categorically violent felony.  *See, e.g.*, *United States v. Moncrieffe*, 167 F. Supp.

3d 383, 401–06 (E.D.N.Y. 2016), *appeal withdrawn* (July 31, 2016); *Thrower v. United States*,

234 F. Supp. 3d 372, 383–85 (E.D.N.Y. 2017); *United States v. Johnson*, 220 F. Supp. 3d 264,

270–72 (E.D.N.Y. 2016); *Batista*, 2017 WL 2841681, at *5–7.

The bottom line is this: It is possible to commit first-degree robbery in New York without committing a violent felony as defined by ACCA. And because the Court (1) may not, under the law, look at the particular facts of Buie's crime, and (2) lacks *Shepard*-approved documents that could rule out the possibility that Buie was convicted under § 160.15(2), Buie's 1979 Robbery Conviction did not necessarily include violent force as an element. As a result, Buie's 1979 Robbery Conviction was not a conviction for a violent felony, and cannot serve as a predicate offense under ACCA.

Without three qualifying prior convictions, Buie is not subject to ACCA's fifteen-year minimum sentence, but rather to the statute's ten-year maximum sentence. Because Buie has already served longer than ten years in prison, he is entitled to immediate release.

**III.    Conclusion**

For the foregoing reasons, it is hereby ORDERED:

1.    Buie's Petition to Vacate, Set Aside, or Correct Sentence is GRANTED.

2.    Buie's sentence of fifteen years' imprisonment, imposed pursuant to the Armed Career
Criminal Act, 18 U.S.C. § 924(e), is VACATED.

3.    Buie is hereby resentenced to a term of ten years' imprisonment, which he has already
served.

**4.    Buie shall be released from the custody of the Bureau of Prisons forthwith.**

5.    All other aspects of Buie's original sentence, imposed on December 12, 2006, remain in
effect, including the term of three years' supervised release, which shall begin upon his
release and shall include the conditions set forth in his original sentence.

6.    Buie shall report to the nearest Probation Office within 30 days of his release.

7.    The Bureau of Prisons is ordered to allow Buie immediate telephone access in order to
contact his counsel.


SO ORDERED.

Dated: September 8, 2017
New York, New York

J. PAUL OETKEN
United States District Judge